## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:08-CR-102** |
| | § | |
| **JAMES FAY** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 15, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant James Fay. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pled guilty to the offenses of Possession of an Unregistered Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. On August 18, 2009 U.S. District Judge Leonard Davis sentenced Defendant to 30 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release as well as special conditions to include financial disclosure, testing and treatment for drug abuse, and mental health treatment. On November 12, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

In its petition, the government alleges that Defendant violated his terms of supervised release by failing to submit a truthful and complete written report to his probation officer for the month of August, 2013. Additionally, Defendant failed to notify the probation officer of his change in residence on or prior to August 1, 2013.

Under the terms of supervised release, Defendant was required in relevant part to report to the probation officer as directed by the Court or probation officer, and submit a truthful and complete written report within the first five days of each month. Additionally, Defendant was required to notify the probation officer ten days prior to any change of residence or employment.

Additionally, in its petition, the government alleges that Defendant violated his terms of supervised release on August 28, 2013 and September 11, 2013 when he submitted urine specimens which tested positive for methamphetamine; admitted to using methamphetamine on or about August 26, 2013, September 9, 2013, September 10, 2013, and September 14, 2013; admitted to using synthetic marijuana, K2 on or about September 14, 2013. Under the terms of supervised release, Defendant was to refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any other paraphernalia related to such substances, except as prescribed by a physician.

Finally, in its petition, the government alleges that Defendant violated his terms of supervised release on or around August 26, 2013 by associating with a person engaged in criminal activity. Under the terms of supervised release, Defendant was prohibited from associating with any persons engaged in criminal activity, and prohibited from associating with any person convicted of a felony unless granted permission to do so by the probation officer.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine,[1] Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. §

---

[1] Such an offense is a violation of Texas Health and Safety Code § 481.115.

7B1.3(a)(1).   Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months.  U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by his use of methamphetamine; by failing to submit a truthful and complete written report to his probation officer for the month of August, 2013; by failing to notify the probation officer of his change in residence; by possession and use of synthetic marijuana or K2; and by associating with a person engaged in criminal activity, Defendant will have committed a Grade C violation.  U.S.S.G. § 7B1.1(a).  Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervised release.  U.S.S.G. § 7B1.3(a)(2).   Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months.  U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above.  The government recommended 6 months imprisonment, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that James Fay be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow.  The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 16th day of October, 2013.**

3

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE